UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES and BEVERLY BIRD, husband and wife, and TITAN INSURANCE,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>METROPOLITAN CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　　　　Defendant. | No.  C10-991Z<br><br>ORDER |

This matter comes before the Court on Defendant's motion to disqualify Cole, Lether, Wathen, Leid & Hall, P.C., docket no. 27.  For the reasons stated herein, the Court GRANTS the motion.

**BACKGROUND**

This litigation against Metropolitan Casualty Insurance Company ("Defendant") was initially commenced on May 26, 2010 in King County Superior Court arising out of an alleged failure of Defendant to pay certain benefits under an auto policy issued by Defendant. Thenell Decl., docket no. 28 at ¶ 2.  At all times material, the Plaintiffs, James Bird, his wife, and Titan Insurance, (an agency formerly authorized to sell Metropolitan insurance), ("Plaintiffs"), were represented by Rick J. Wathen and the law firm of Cole, Lether, Wathen, Leid & Hall, P.C. ("Cole, Lether").  On July 29, 2010, Plaintiffs filed an amended complaint against Metropolitan alleging additional claims.  Am. Compl., docket no. 10.

ORDER  -1-

Prior to July 1, 2010, Cole, Lether also represented the interests of Metropolitan on an ongoing basis in connection with other wholly unrelated legal matters. Cullen Decl., docket no. 35 at ¶ 5; Bellefeuille Decl., docket no. 34 at ¶¶ 6, 7 and 8. These separate matters were handled by Cole, Lether predating and overlapping Cole, Lether's representation of Plaintiffs in this litigation.

By letter dated July 9, 2010, Cole, Lether disclosed the conflict of interest this litigation created with an unrelated matter (the Robert case), which Cole, Lether had been recently retained by Metropolitan to pursue, and requested a waiver of the potential conflict. Ex. A to the Declaration of Dean Bellefeuille, docket no. 34. Upon receipt of the Cole, Lether letter of July 9, 2010, Metropolitan immediately terminated Cole, Lether as counsel in the Robert matter. Bellefeuille Decl., docket no. 34, at ¶ 5.

By e-mail from Metropolitan attorney Daniel E. Thenell to Rick J. Wathen of Cole, Lether, dated August 19, 2010, Metropolitan detailed the conflict of interest and demanded the withdrawal of Cole, Lether from this litigation. Thenell Decl., docket no. 28, ¶ 4 and Ex. F. To date, Cole, Lether has refused to withdraw and the pending motion to disqualify followed.

## DISCUSSION

Attorneys appearing before this Court must be familiar with and comply with the Washington Rules of Professional Conduct ("RPC"), as interpreted by Washington courts. See Local Rule GR 2(e). RPC 1.7 provides the applicable rule concerning concurrent conflicts of interest, and states in relevant part:

> Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

ORDER  -2-

RPC 1.7(a). The exception stated in RPC 1.7(b) does not apply here because it requires that each affected client provide informed, written consent to the representation at issue, and Metropolitan has declined to do so. Both prior to, and following initiation of, the present litigation, Cole, Lether has actively represented the interest of Metropolitan on an ongoing basis. Therefore, the RPCs do not allow Cole, Lether to continue to represent Plaintiffs in this matter without the express consent of Metropolitan.

In response to the Defendant's motion to disqualify, Cole, Lether argues that Metropolitan has waived the conflict by its delay in bringing the motion to disqualify.[1] Any waiver must be clear and any doubts should be resolved in favor of disqualification. Qwest Corp. v. Anovian, Inc., 2010 WL 1440765 (W.D. Wash. 2010). "'Waiver' is an intentional relinquishment of a known right, but the existence of an intent to waive that right must clearly appear in order to show a waiver." Keyes v. Bollinger, 31 Wn. App. 286, 293, 640 P.2d 1077 (1982). The record here cannot support waiver. First, there is no written consent as required by RPC 1.7(b)(4). Thus, Cole, Lether must show an implied waiver. At no time prior to July 12, 2010, did Metropolitan have specific and/or actual knowledge of Cole Lether's concurrent representation of Plaintiffs and Metropolitan. Bellefeuille Supp. Decl., docket no. 51, ¶ 8.[2] At no time prior to the July 9, 2010 letter from did Cole, Lether ever affirmatively disclose its conflict of interest or request consent in writing. Metropolitan's

---

[1] Plaintiffs commenced an earlier case against Metropolitan in June 2009. Bellefeuille Decl., docket no. 34 at Ex. A. Cole, Lether disclosed its representation of the Plaintiffs to Metropolitan immediately, but did not disclose the potential conflict of interest. Id. Metropolitan lacks the internal controls necessary to perform conflicts checks for every matter, and therefore was unaware of the conflict until it was finally disclosed by Cole, Lether in July 2010. Supp. Bellefeuille Decl., docket no. 51 at ¶ 8. The obligation to disclose a conflict rests with the attorney, not the client. Consequently, any delay is attributable to Cole, Lether, not Metropolitan.

[2] Plaintiffs' request to strike Defendants' supplemental declarations, Surreply, docket no. 54, is DENIED.

ORDER -3-

action in August 2010 to deny consent and demand withdrawal was prompt and clear. The motion to disqualify, filed November 30, 2010, was timely.[3]

Defendant's request for sanctions against Cole, Lether in the amount of fees and costs incurred in connection with this motion, is GRANTED. Any request for fees and costs shall be filed within 30 days of this Order.

IT IS SO ORDERED.

DATED this 18th day of January, 2011.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

---

[3]Even if Metropolitan knew Cole, Lether represented the Birds in June 2009, the obligation to obtain consent from a concurrent client was squarely on Cole, Lether.

ORDER -4-