UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES and BEVERLY BIRD, husband and wife, and TITAN INSURANCE, <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN CASUALTY INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C10-991TSZ <br><br> ORDER |

THIS MATTER comes before the Court on defendant's motion for attorneys' fees, docket no. 62, defendant's motion to seal, docket no. 63, and the motion to withdraw filed by plaintiffs' counsel, docket no. 66. Having reviewed the papers filed in support of, and opposition to, the various motions, the Court enters the following Order.

I. **BACKGROUND**

On January 18, 2011, the Court granted defendant's motion to disqualify Cole, Lether, Wathen, Leid & Hall, P.C. ("Cole Lether") as counsel for plaintiffs. Order, docket no. 59. The

ORDER -1

Court also granted defendant's motion for sanctions in the amount of defendant's reasonable attorneys' fees incurred in bringing the motion to disqualify.  Id.  The Court directed defendant to submit its motion for fees, with supporting documentation, within thirty days.  Id.

Defendant's fee petition requests an award of $21,566.00 for 140.3 hours spent on the motion to disqualify Cole Lether.  Mot., docket no. 62.  Defendant has also moved to seal the declaration of Daniel E. Thenell filed in support of the fee petition, docket no. 64, and the exhibit attached to that declaration.  See Mot., docket no. 63.

## II.    DISCUSSION

### A.    Defendant's Motion to Seal, docket no. 63

There is a strong presumption of public access to the Court's files.  Local Rule CR 5(g)(2).  Consequently, a motion to seal shall provide a clear statement of the facts justifying sealing, sufficient to overcome the strong presumption in favor of public access.  Local Rule CR 5(g)(4).  The facts supporting such a motion must be provided by declaration or affidavit.  Id.

Defendant has submitted no declaration in support of its motion to seal, and no facts from which the Court can conclude that Mr. Thenell's declaration and its attached exhibit contain the type of private information that warrants sealing.  To the contrary, the declaration of Mr. Thenell contains no confidential, proprietary, or otherwise private information.  Thenell Decl., docket no. 64.  Similarly, the attached exhibit consists only of redacted billing records.  Id., Ex. 1.  Accordingly, the Court DENIES defendant's motion to seal, docket no. 63, and DIRECTS the Clerk to unseal Mr. Thenell's declaration and the attached exhibit, docket no. 64.

ORDER -2

**B.     Defendant's Motion for Attorneys' Fees, docket no. 62**

Sanctions imposed by a district court for attorney misconduct should relate to the amount of reasonable attorneys' fees incurred by the opposing party.  See United States v. Blodgett, 709 F.2d 608, 611 (9th Cir. 1983).   To establish reasonable fees, courts generally use the lodestar method. See Cairns v. Franklin Mint Co., 292 F.3d 1139, 1157 (9th Cir. 2002).   Under the lodestar methodology, the Court must first set a presumptive lodestar figure by multiplying the hours reasonably expended in the litigation by the reasonable hourly rate.  Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 2003)).   The Court may then adjust the presumptively reasonable lodestar figure based on equitable considerations, and the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975).   Gracie, 217 F.3d at 1070.

   1.     Reasonable Rates

The first step of the lodestar calculation requires the Court to "consider what constitutes a reasonable hourly rate for work performed in the relevant community by attorneys of similar skill, experience and reputation."  Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1129 (9th Cir. 2008).  Defendant requests that the Court calculate the fee award based on the following hourly rates: (1) $165.00[1] for attorney Daniel E. Thenell; (2) $155.00 for attorney Kyle Sturm; (3) $155.00 for attorney Keith Pitt; and (4) $100.00 for paralegal Lisa Schowengerdt.   Mot.,

---

[1] In his declaration, Mr. Thenell testifies that his hourly billable rate for services in this matter is $165.00, Thenell Decl. at ¶ 3, docket no. 64, but the billing records submitted by defendant reflects a rate of $170.00 per hour for Mr. Thenell's services.  Id. at Ex. 1.   The Court has relied upon the rate set forth in Mr. Thenell's declaration.

ORDER -3

docket no. 62. Defendant submits declarations that describe the experience and qualifications of Mr. Thenell and Mr. Pitt. Thenell Decl. at ¶ 2, docket no. 64; Pitt Decl., docket no. 75. The Court finds that the hourly rates charged by Mr. Thenell and Mr. Pitt are reasonable given their experience, qualifications, and based upon the Court's familiarity with the rates charged by attorneys with similar qualifications in the Seattle legal community.

However, defendant submits no evidence regarding the qualifications or experience of Mr. Sturm and Ms. Schowengerdt. As such, the Court cannot determine the reasonableness of their rates, and has not considered their hours for purposes of calculating the presumptive lodestar figure.

2.      Reasonable Hours

The Court must next determine the reasonable hours expended on the litigation. The fee applicant bears the burden of documenting the hours expended in litigation and must submit evidence in support of those hours. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Those hours may be reduced by the court where documentation is inadequate, if the case was overstaffed and hours are duplicated, or if the hours expended are deemed excessive or otherwise unnecessary. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) amended on other grounds, 808 F.2d 1373 (1987).

Mr. Thenell billed 7.4[2] hours in connection with the motion to disqualify counsel. Plaintiffs argue that the Court should disregard Mr. Thenell's time entries because the first two

---

[2] Defendant's motion contends that Mr. Thenell billed 7.5 hours in connection with the motion to disqualify. See Mot. at 2, docket no. 62. The records submitted by defendant in support of the motion, however, indicate that Mr. Thenell only billed 7.4 hours. Thenell Decl., Ex. 1, docket no. 64. For purposes of this motion, the Court relies upon the figures set forth in counsel's billing records. Id.

ORDER -4

entries in the billing records indicate that he billed .7 hours on August 13, 2010 for two conference calls with plaintiffs' counsel; conference calls that plaintiffs contend did not take place. See Wathen Decl. at ¶ 3, docket no. 71; Leid Decl. at ¶ 3, docket no. 72; Lether Decl. at ¶¶ 3-4, docket no. 73.  In response, defendant submits Mr. Thenell's cell phone records indicating he in fact made several calls to plaintiffs' counsel on the date in question.  2d Thenell Decl., Ex. 1 at 2, docket no. 76.  The alleged discrepancy is sufficiently resolved by the cell phone records, and as such, the Court concludes that the 7.4 hours billed by Mr. Thenell were reasonable, and related to the work he performed on the motion to disqualify.

Defendant also submits evidence that Mr. Pitt billed 102.2[3] hours in connection with defendant's motion to disqualify Cole Lether.  The hours billed by Mr. Pitt are grossly disproportionate to the amount of time necessary to craft seventeen pages of briefing.  Even Mr. Thenell "agree[s] [that the fee request] from the outside looks to be a high amount for one legal matter."[4]  2d Thenell Decl. at ¶ 15, docket no. 76.  Moreover, the majority of the billing entries by Mr. Pitt fail to convey the specific tasks that he performed on this matter.  Instead, Mr. Pitt made repeated, vague time entries indicating that he "continued" to spend time working on the motion to disqualify and related issues.  Thenell Decl., Ex. 1, docket no. 64.  Accordingly, the Court finds

---

[3] As with Mr. Thenell, defendant's motion requests compensation for more hours billed by Mr. Pitt (102.5 hours), see Mot. at 2, docket no. 62, than is supported by the billing records (102.2 hours).  See Thenell Decl., Ex. 1, docket no. 64.

[4] Defendant argues that an award is appropriate nonetheless because plaintiffs offered to settle the attorney fee matter for $4,000.00, which defendant contends is an admission that the motion for fees has merit.  2d Thenell Decl., Ex. 2, docket no. 76.  The submission of plaintiffs' settlement proposal is improper, and as such, the Court STRIKES Exhibit 2 to the second Thenell declaration.  See Fed. R. Evid. 408.

ORDER -5

Mr. Pitt's hours to be unreasonable.[5] Nonetheless, some award is appropriate for the time spent on the motion to disqualify. Therefore, in addition to the time billed by Mr. Thenell, the Court concludes that, based on the complexity of the issues involved, a reasonable amount of time to prepare the briefing on defendant's motion to disqualify is fifteen hours.

### 3. Presumptive Lodestar Figure

The presumptive lodestar figure is equal to the reasonable hourly rate multiplied by the reasonable number of hours spent on the litigation. Mr. Thenell billed 7.4 hours, multiplied by his hourly rate of $165.00, for an award of $1,121.00. For Mr. Pitt, the Court has concluded that fifteen hours represents a reasonable estimate of the amount of time needed to research and draft the motion to disqualify. Fifteen hours, multiplied by Mr. Pitt's hourly rate of $155.00, amounts to $2,235.00. Accordingly, the total presumptive lodestar figure is $3,546.00.

### 4. Adjustments to the Presumptive Lodestar Figure

In appropriate cases, the court may adjust the presumptively reasonable lodestar figure based on a review of various factors. See Kerr, 526 F.2d at 69-70. The Court declines to make any adjustments to the presumptive lodestar figure.

---

[5] In addition to being excessive, plaintiffs argue that the Court should exclude or discount the time billed by Mr. Pitt because (1) he is not admitted to the bar of this Court, Wathen Decl., Ex. B, docket no. 71; (2) he is not listed as an attorney on the website of defendant's counsel, Smith Eberhard & Shepherd; and (3) his entries constitute impermissible block billing. See Cadena v. Pacesetter Corp., 224 F.3d 1203, 1214-15 (10th Cir. 2001). None of plaintiffs' alternative arguments hold merit. For example, whether Mr. Pitt is admitted to the bar of this Court or listed on Smith Eberhard's website is irrelevant because he may perform legal services under the supervision of Mr. Thenell. Moreover, "block billing" is defined as the practice of lumping multiple tasks into a single entry of time. Cadena, 224 F.3d at 1214. Although most of Mr. Pitt's time entries consist of large blocks of time, the entries are limited to single tasks (research, etc.), and as such, are not impermissible block billing. See Thenell Decl., Ex. 1, docket no. 64.

ORDER -6

### C. **Withdrawal of Cole Lether**

On February 25, 2011, in response to the Court's Order disqualifying Cole Lether as counsel for plaintiffs, attorney Rick Wathen of Cole Lether filed a notice of withdrawal. Not., docket no. 66. The Court construes the notice of withdrawal as a motion to withdraw under Local Rule GR(g)(2)(B), and hereby GRANTS the motion.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to seal, docket no. 63. The Court GRANTS in part defendant's motion for attorneys' fees, docket no. 62. Although defendant's motion does not indicate whether defendant seeks an award of fees against the plaintiffs or their counsel, in light of the nature of the matters giving rise to the sanction, the Court concludes that the sanctions should be payable by Cole Lether. Cole Lether was in the best position to know about the conflict of interest that ultimately led to its disqualification as counsel for plaintiffs', and as such, it should bear the burden of paying defendants' reasonable attorneys' fees. Accordingly, the Court awards defendant its reasonable attorneys' fees in the amount of $3,546.00, payable by Cole Lether within ten (10) days of the date of this Order.

///

///

///

///

///

01     The Court further GRANTS attorney Rick Wathen's motion to withdraw, docket no. 66.

02     IT IS SO ORDERED.

03     DATED this 10th day of May, 2011.

04

05                                       */s/ Thomas S. Zilly*

06                                       Thomas S. Zilly
                                      United States District Judge

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER -8